# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARBARA B. LUMPKINS,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Case No. 14-00333 (RJL) |
| **UNITED STATES GOVERNMENT,** *et al.*, | ) |
| **Defendants.** | ) |

**FILED**

FEB 2 3 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
February 22, 2015 [Dkt. ## 6, 7, 12, 15, 21, 34, 37]

Plaintiff Barbara Lumpkins, proceeding *pro se*, filed the instant suit against

defendants Jay C. Zainey; Susan E. Morgan; Lloyd J. Medley; Melvin Zeno; Terri F.

Love; James F. McKay III; and Dennis R. Bagneris, Sr. (the "Judicial Defendants"); the

United States Government; Bank of America, N.A.; Ocwen Loan Servicing, LLC;

Louisiana Department of Justice; James B. Caldwell; Shapiro & Daigrepont, LLC; Penny

M. Daigrepont; Eva M. Simkovitz; Katharine M. Melesurgo; Lindsay M. Graham; Baker,

Donelson, Bearman, Caldwell, & Berkowitz; Kent A. Lambert; and Katie L. Dysart (the

"non-Judicial Defendants") (all collectively, "defendants").  The claims arise out of

actions taken during the foreclosure and sale of property located at 7838 Tulsa Street,

New Orleans ("Mortgaged Property"); plaintiff alleges violations of various provisions of

federal law, the United States Constitution, and Louisiana law. *See* Complaint, at p.5

[Dkt. # 1].  Currently pending before the Court are five motions to dismiss, *see* Mot. to

Dismiss by Bagneris, Love, McKay [Dkt. # 6]; Mot. to Dismiss by Baker, Donelson,

1

Bearman, Caldwell & Berkowitz, Bank of America, N.A., Dysart, Lambert, and Ocwen

Loan Servicing, LLC [Dkt. # 7]; Mot. to Dismiss by Daigrepont, Graham, Melesurgo,

Shapiro & Daigrepont, LLC, and Simkovitz [Dkt. # 12]; Mot. to Dismiss by Medley and

Zeno [Dkt. # 15]; Mot. to Dismiss by Caldwell and Louisiana Dep't of Justice [Dkt.

# 21], a motion to set aside an entry of default, *see* Mot. to Set Aside Default [Dkt. # 34],

and a motion for summary judgment, *see* Mot. for Summary Judgment by Morgan and

Zainey [Dkt. # 37].[1] Because I agree with the Judicial Defendants that they are immune

from suit, and because I agree with the remaining defendants that this Court lacks

subject-matter jurisdiction to hear the case, the motions are GRANTED and the case is

DISMISSED.

## FACTUAL BACKGROUND

Plaintiff's claims arise out of a successful 2011 foreclosure proceeding against

plaintiff Lumpkins and her husband (who is not a party to this case) before the Civil

District Court of the Parish of Orleans, State of Louisiana.  Compl. at p.3.  A judicial

foreclosure sale of the property was held on December 8, 2011, by public auction, and

defendant Bank of America was the successful bidder at the auction, and thereafter took

title by a sheriff's deed.  *See* Mem. in Support of Mot. to Dismiss [Dkt. # 7-1] and

accompanying exhibits [Dkt. ## 7-2—7-14].

Following the completion of the 2011 foreclosure proceeding, plaintiff instituted a

lawsuit in the United States District Court for the Eastern District of Louisiana on

---

[1] The United States also filed a "statement of interest" requesting that the case be dismissed sua sponte.  *See* Civil Statement of Interest from U.S. Attorneys Office [Dkt. # 18].

January 3, 2012, against Bank of America; Bank of America's loan servicing agent,

Ocwen; Bank of America's foreclosure counsel, and other defendants including the

Orleans Parish Civil Sheriff's Office, many of whom are also defendants in the present

case. *See* Complaint, *Lumpkins v. Bank of America*, No. 12-0009 (E.D. La. filed on Jan.

3, 2012), ECF No. 1.  In this prior federal lawsuit, plaintiff attempted to re-litigate many

of the same issues that were litigated in the state foreclosure proceeding; plaintiff

essentially alleged a wrongful seizure and sale of the mortgaged property.  *Id.*  The case

was initially assigned to Judge Zainey and later reassigned to Judge Morgan, both of

whom are defendants in this case.  *See* Order Reassigning Case, filed April 5, 2012, ECF

No. 35.  The case was ultimately dismissed for lack of subject-matter jurisdiction on

December 10, 2012 under the *Rooker—Feldman* abstention doctrine.  *See* Order and

Reasons, *Lumpkins v. Bank of America*, Civ. 2012 No. 0009 (E.D. La. filed on Dec. 10,

2012), ECF Nos. 66 and 67.

Plaintiff filed the present suit on February 24, 2014, requesting as relief, inter alia,

an injunction against defendants on the basis that the foreclosure of the Mortgaged

Property was improper.  *See* Compl. ¶¶ 51-52.  Plaintiff's complaint, while largely

incomprehensible, appears to attempt to allege violations of the Federal Tort Claims Act,

28 U.S.C. § 1346(b); violations of the First, Fifth, Seventh, and Fourteenth Amendments

of the United States Constitution pursuant to 42 U.S.C. § 1983; a conspiracy to violate

civil rights under 42 U.S.C. §§ 1985 & 1986; violations of the Fair Credit Reporting Act

and Fair Debt Collection Practices Act, 15 U.S.C. §§ 1681 & 1692; and violations of

various provisions of state law including the Louisiana Unfair Trade and Deceptive

Practices Act, La. Rev. Stat. Ann. § 51:1401, breach of contract, defamation, unjust enrichment, negligence, intentional distress, and tortious interference. *See* Compl. ¶¶ 51-134.

## STANDARD OF REVIEW

Although *pro se* complaints are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), courts must still have jurisdiction in order to adjudicate a claim, and "the party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists," *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). On a motion to dismiss under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing, inter alia, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "[T]he plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *United States ex rel. Digital Healthcare, Inc. v. Affiliated Computer Servs., Inc.*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citation and internal quotation marks omitted). Further, in deciding a 12(b)(1) motion, a court need not limit itself to the complaint; rather, it "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Bank of America, N.A. v. FDIC*, 908 F. Supp. 2d 60, 76 (D.D.C. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

Judges are absolutely immune from lawsuits arising from acts taken in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Thanh Vong Hoai v. Superior Court for District of Columbia*, 344 Fed. Appx. 620 (D.C. Cir. 2009) (per curiam); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (absolute immunity applies "even if [the judge's] approval of [a] petition was in error"). Absolute immunity does not apply to actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 13.

The Judicial Defendants in the instant complaint are Jay C. Zainey; Susan E. Morgan; Lloyd J. Medley; Melvin Zeno; Terri F. Love; James F. McKay III; and Dennis R. Bagneris, Sr. Plaintiff alleges that the Judicial Defendants denied her access to a trial by jury by refusing, or failing, to issue rulings in her favor, and asserts, without elaboration, that these acts violated multiple federal statutes and the U.S. Constitution. Compl. at pp.7-11 ("Defendant, Jay C. Zainey and Susan E. Morgan prevented plaintiff from prosecuting her claims and issues in United States District Court . . .") *id.* at ¶ 30 ("proof of payment of the mortgage disregarded by Judge Medley"). Nowhere does plaintiff allege, even in a conclusory fashion, that any of the Judicial Defendants acted "in the complete absence of all jurisdiction." *See Mireles*, 502 U.S. at 13. In fact, the alleged actions of the Judicial Defendants in this case fall squarely within the jurisdiction of those courts and the official duties of the sitting judges. *See Stump*, 435 U.S. at 362 ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to

the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."); *Burns v. Reed*, 500 U.S. 478, 492 (1991) ("[T]he issuance of a search warrant is unquestionably a judicial act[.]"). Accordingly, the claims against the Judicial Defendants must, and will be, dismissed on the basis that those defendants are immune.

As to the remaining defendants, this Court lacks subject-matter jurisdiction to hear plaintiff's suit because, in effect, it challenges a state court judgment. Under the *Rooker–Feldman* abstention doctrine, the Supreme Court has made it very clear that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker–Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."). Indeed, the Supreme Court recently clarified further that federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In particular, district courts lack authority to either (1) "review final judgments of a state court in judicial proceedings," Feldman, 460 U.S. at 482, or (2) decide federal constitutional claims that are "so 'inextricably

6

intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision,' " *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C.Cir.1997) (quoting *Feldman*, 460 U.S. at 483–84 n. 16).

The *Rooker–Feldman* doctrine applies to the instant case because plaintiff effectively seeks to collaterally attack the state court foreclosure proceeding that resulted in the sale of the Mortgaged Property to defendant Bank of America. That plaintiff presents such a challenge is apparent from the complaint, which, although unintelligible in many respects, alleges that the foreclosure "constitutes a violation of her rights," that defendants acted in concert to take away her primary residence, and seeks as relief an injunction that would prevent "all defendants, agents and representatives and government entities from evicting occupants." Compl. ¶¶ 51-52, 96, 140. Moreover, all of her various claims are "inextricably intertwined" with this state court judgment and the foreclosure; they do not present any independent claim. *See Hunter v. U.S. Bank Nat'l Ass'n*, 698 F.Supp.2d 94, 99–100 (D.D.C. 2010) (*Rooker–Feldman* doctrine applied where plaintiff's claim was "based entirely on the alleged impropriety of the foreclosure" because all of the alleged injuries stemmed from the foreclosure and plaintiff explicitly sought a judgment that would have effectively modified the state court's judgment of foreclosure).[2] As such, this case is quite similar to numerous decisions in this district barring, under *Rooker–Feldman*, claims challenging the results of state court judicial

---

[2] The conclusion here that there is no subject-matter jurisdiction is further supported by the fact that plaintiff's claims in Louisiana federal court, which were nearly identical to the claims brought here, were likewise dismissed under the *Rooker—Feldman* doctrine. *See* Order and Reasons, *Lumpkins v. Bank of America*, No. 12-0009 (E.D. La. Dec. 10, 2012), ECF No. 66.

foreclosure actions. *See Toth v. Wells Fargo Bank, N.A.*, No. 13–1211, 2014 WL 2993575, at *2 (D.D.C. July 3, 2014); *Fontaine v. Bank of America, N.A.*, No. 13–1638, –––F. Supp. 2d ––––, ––––, 2014 WL 1999532, at *2 (D.D.C. May 16, 2014); *Silva v. Wells Fargo Bank, N.A.*, No. 14–273, 2014 WL 905447, at *2 (D.D.C. Mar. 10, 2014); *Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13–2049, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013); *Hunter*, 698 F. Supp. 2d at 99–100; *Tremel v. Bierman & Geesing, L.L.C.*, 251 F.Supp.2d 40, 44–46 (D.D.C.2003). Consequently, I conclude that the *Rooker–Feldman* doctrine applies to this case and, as such, this Court lacks jurisdiction to proceed further.[3]

## CONCLUSION

Thus, for all of the foregoing reasons, defendants' motions to dismiss are GRANTED, and this case is DISMISSED with prejudice on the basis of judicial immunity and for lack of subject-matter jurisdiction. A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[3] To the extent plaintiff goes beyond challenging actions taken in the state court foreclosure proceeding and alleges challenges to actions taken in federal court in the Eastern District of Louisiana, this Court does not have jurisdiction to review those federal court actions either. *See Moore v. U.S. Dist. Court for Dist. of Ariz.*, No. 10-0434, 2010 WL 1005757, at *1 (D.D.C. Mar. 16, 2010) ("The powers conferred on the federal district courts do not include the power to review the decisions of other district courts or to force other district courts to act.").